**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

BILLY RAY BRACKEEN,

      Plaintiff,

      v.

JUSTICE LIPPS et al.,

      Defendants.

2:14-cv-1712-JAD-PAL

**ORDER**

This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a former inmate. Plaintiff had not paid the full filing fee for this matter and had not filed an application to proceed *in forma pauperis*. On October 23, 2014, this Court issued an order directing Plaintiff to file a fully complete application to proceed *in forma pauperis* or pay the full filing fee of $400.00 within thirty days from the date of that order. (Doc. 2 at 1-2). The thirty-day period has now expired, and Plaintiff has not filed an application to proceed *in forma pauperis*, paid the full filing fee, or otherwise responded to the Court's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the

1    public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;

2    (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on

3    their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831;

4    *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61;

5    *Ghazali*, 46 F.3d at 53.

6         In the instant case, the Court finds that the first two factors, the public's interest in

7    expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in

8    favor of dismissal.  The third factor, risk of prejudice to Defendants, also weighs in favor of

9    dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in

10   filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542

11   F.2d 522, 524 (9th Cir. 1976).  The fourth factor – public policy favoring disposition of cases

12   on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein.

13   Finally, a court's warning to a party that his failure to obey the court's order will result in

14   dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262;

15   *Malone*, 833 F.2d at 132-33;  *Henderson*, 779 F.2d at 1424.  The Court's order requiring

16   Plaintiff to file an application to proceed *in forma pauperis* or pay the full filing fee within thirty

17   days expressly stated: "IT IS FURTHER ORDERED that if Plaintiff does not timely comply with

18   this order, dismissal of this action may result." (Doc. 2 at 2).  Thus, Plaintiff had adequate

19   warning that dismissal would result from his noncompliance with the Court's order to file an

20   application to proceed *in forma pauperis* or pay the full filing fee within thirty days.

21        It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's

22   failure to file an application to proceed *in forma pauperis* or pay the full filing fee in compliance

23   with this Court's October 23, 2014, order.

24        It is further ordered that the Clerk of Court shall enter judgment accordingly.

25        Dated: December 2, 2014.

26        _____

27        Jennifer Dorsey
          United States District Judge

28

2